In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00038-CR
______________________________


DOCK EARMELL SHEFFIELD, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 29551-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            It is undisputed that Dock Earmell Sheffield shot his second cousin, Angela Taylor, one time
with a .22 caliber rifle. Subject to dispute, however, are why and how the shooting occurred. 
Sheffield was convicted and sentenced to five years' confinement for attempted murder. On appeal,
Sheffield contends (1) the evidence is legally and factually insufficient to support his conviction, and
(2) the trial court erred by refusing to admit medical evidence that Taylor had cocaine in her system
at the time of the shooting. We affirm.
Sufficiency of the Evidence
            Sheffield contends the evidence is insufficient because it contains inconsistencies that make
the conviction suspect. The State presented four eyewitnesses to the shooting, including the victim.
            The testimony of the victim, Angela Taylor, is not a model of clarity. Taylor, however,
testified essentially to these events. Sheffield drove up and called her over to his car. He told her
to get in the car. She saw that he had the rifle in the car. He told her to get in the car or he would
shoot her. She got in the car. They talked. As she was beginning to open the door to get out,
Sheffield raised the gun, pointed it at her, got halfway out of the car, held the gun with both hands,
and shot her. She testified that she then got out of the car and stumbled away.
            Christopher Henderson testified that he saw the two arguing, that Taylor got into the car, that
Sheffield stood on the driver's side of the car holding the gun on her, and that Sheffield shot her.
            Will Henderson, Sr., testified he saw the two arguing and struggling over the gun. He said
that Taylor had sat down in the passenger side of the car, that Sheffield was standing outside the car,
and that Sheffield shot Taylor through the open driver's side window.
            Will Henderson, Jr., testified that he saw the two struggling over the gun while Sheffield was
in the car and Angela was reaching through the window, that she went over and sat down in the
passenger's seat, that Sheffield got out of the car, and that he then pointed the rifle through the open
window and shot her.
            In our review of the legal sufficiency of the evidence, we view the relevant evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). In reviewing for factual sufficiency, we view the evidence in a neutral light,
favoring neither party. Id. We set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Id.
            Unquestionably, the testimony set out above contains some inconsistencies, but those
inconsistencies are not fatal. The basic facts are entirely consistent. The main disagreement among
the witnesses' testimony lies in whether Sheffield was entirely outside the car when he shot or
partially in the car, and thus whether he shot through a window or an open door. Under each of these
scenarios, however, the critical testimony is consistent, and the inconsistencies are not sufficiently
material to require reversal. We find the evidence legally and factually sufficient to support the
verdict.
Exclusion of Medical Evidence
            Sheffield next contends the trial court erred by excluding medical evidence showing that, at
the time of the shooting, Taylor had cocaine in her system. Sheffield sought to offer this evidence
as part of a logical chain that would show a motive for the other three witnesses to lie on Taylor's
behalf. In Sheffield's version of events, Taylor had been cleaning his house, and Sheffield took
Taylor to Swanee Circle at her request. Sheffield testified that, while he was waiting for her to come
back to the car, he saw the old rifle in the floorboard and picked it up to move it to the back seat. 
Sheffield said that, when he moved the gun, it went off while they were both in the car. Sheffield
testified he did not know that he had shot Taylor, because she said nothing but got out of the car and
walked off. He also testified that he assumed the witnesses had created this fiction because they
supplied her with drugs.



            At trial, but before counsel began his cross-examination of Taylor and outside the presence
of the jury, defense counsel had previously attempted to convince the court to allow him to introduce
the evidence to show that Taylor's perceptions of the event could have been compromised by the
effects of the drug. The State argued it was not relevant because it was well established that the
substance could be detected in a person's body for three days after ingestion.


 Counsel also informed
the trial court that Taylor had told Officer Bill Drennan that she had smoked crack cocaine in the
morning before this happened. 
            The trial court did not make a clear ruling on whether it believed the testimony was relevant,
but did find that the evidence would be more prejudicial than probative, and refused at that time to
allow its introduction—so far as Taylor's perception of Sheffield was concerned.
            Trial courts are required to exclude evidence when its probative value is substantially
outweighed by the danger of unfair prejudice. Tex. R. Evid. 403; Montgomery v. State, 810 S.W.2d
372, 392 (Tex. Crim. App. 1990). In making this determination, the trial court should "consider the
inherent tendency that some evidence may have to encourage resolution of material issues on an
inappropriate basis and should balance carefully against it the host of factors affecting probativeness,
including relative weight of the evidence and the degree to which its proponent might be
disadvantaged without it." Fuller v. State, 829 S.W.2d 191, 206 (Tex. Crim. App. 1992).
            A trial court's decision in balancing these factors is reviewed under the abuse of discretion
standard and is disturbed on appeal only when the trial court's decision falls outside the zone of
reasonable disagreement. Montgomery, 810 S.W.2d at 391-92.
            In this case, at the point at which defense counsel obtained a ruling from the trial court, the
trial court, based on the direct testimony, concluded that there was nothing that indicated (1) Taylor's
perception was compromised, or (2) evidence of cocaine in her system would be more probative than
prejudicial. Had the evidence been offered after cross-examination had broached that issue, then a
different situation might exist. Under this state of the evidence, however, we cannot find that the
trial court abused its discretion in finding that evidence about drug usage by the victim was more
prejudicial than probative on this matter.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          October 28, 2003
Date Decided:             November 7, 2003

Do Not Publish